UNITED STATES *v.* TITAN SHIPPING CO., INC. (E. J. FAY) (No. 4117)[1]

[1] T. D. 49485.

United States Court of Customs and Patent Appeals, February 28, 1938

*Joseph R. Jackson,* Assistant Attorney General (*Mrs. Dorothy C. Bennett,* special attorney, of counsel), for the United States.

*Jerome G. Clifford* (*Thomas J. McKenna* of counsel) for appellee.

[Oral argument February 10, 1938, by Mrs. Bennett and Mr. McKenna]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges [1]

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, reversing a judgment of the trial court in certain reappraisement proceedings, and adjudging the dutiable value of the merchandise involved.

The merchandise consists of certain perfumery and other toilet articles, imported from France, and entered at the port of New York on various dates between June 20, 1929, and April 10, 1930. Twenty-seven reappraisement appeals are involved, which were consolidated for purposes of trial.

Inasmuch as the merchandise was imported prior to the enactment of the Tariff Act of 1930, the provisions of the Tariff Act of 1922 relative to reappraisement are here applicable.

In reappraisement 101453–A, the merchandise was entered at various unit values, less 2 per centum discount for cash, plus packing. The local appraiser advanced these values by adding 12 per centum of what he assumed was the retail price to the invoice value.

In the other twenty-six appeals the importer made "duress" entries, increasing the entered value to meet the advances made by the appraiser in similar cases then pending on appeal to reappraisement.

---

[1] JACKSON, Judge, took no part in the consideration or decision of this case.

Before the trial court testimony was taken by both parties, and certain documents were introduced in evidence. The importer, appellee here, offered in evidence a certain affidavit, marked Exhibit A for identification. Ruling upon its admission was reserved by the court, but in its decision the affidavit was rejected, and judgment was rendered appraising the merchandise.

The importer filed application for review of the decision and judgment of the trial court, and, among other things, assigned error in refusing to admit said Exhibit A in evidence.

The Second Division in its decision, after discussing said Exhibit A, stated:

For the foregoing reasons, among others which need not be here stated, we think the trial court erred in refusing to admit in evidence the affidavit of Raymond Legrand, now marked Exhibit A for identification. We, therefore, reverse the action of the trial court in failing and refusing to admit in evidence Exhibit A for identification, and hereby admit the same in evidence.

The appellate court then proceeded to a consideration of said Exhibit A in connection with another exhibit, marked Exhibit 1, which latter exhibit was meaningless except when considered in connection with Exhibit A. It was very largely upon the consideration of Exhibit A that the appellate division reversed the trial court upon the merits of the case and held that the dutiable values were the entered values, except in the duress cases, where it was held that the dutiable values were the entered values less the amounts added to meet advances by the appraiser. Judgment was entered accordingly, and the Government has appealed. Among its assignments of error we find the following:

9. In admitting in evidence, and considering on review, an affidavit marked Exhibit A for identification which had been excluded by the trial Judge, and in deciding the issue thereon, without remanding the cause to the trial court with proper instructions as to further proceedings on the record thus made.

Inasmuch as we think this assignment of error was well founded and should be sustained, we do not find it necessary to consider any other questions in the case.

Section 501 of said Tariff Act of 1922, under which the merchandise was imported, provides that in a reappraisement proceeding, when application for review has been made,

* * * Every such application shall be assigned by the Board of General Appraisers [now the United States Customs Court] to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. * * *

That the jurisdiction of the Customs Court upon an application for review of a judgment of the trial judge is appellate only, is well established.

In the case of *United States* v. *Tower & Sons et al.*, 15 Ct. Cust. Appls. 83, T. D. 42158, this court considered the jurisdiction of the appellate tribunals of the Customs Court in reappraisement proceedings under said section 501 of the Tariff Act of 1922. We there said:

> The statute provides that when an application for review of a reappraisement decision is filed with the court below it "shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser" (trial justice) "and after argument on the part of either of them *shall affirm, reverse, or modify the decision of the general appraiser*" (trial justice) "or *remand* the case to the general appraiser" (trial justice) "for further proceedings, * * *" (Italics ours.) It is evident that in cases of this character the jurisdiction of the court below is appellate and not original. It has the power to review the findings of value returned by the trial justice and to affirm, reverse, or modify his decision; or it may remand the case for further proceedings. Its jurisdiction in reappraisement proceedings being appellate only, it has no authority to try the case *de novo*. *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318.
>
> In the case at bar the court proceeded to consider the evidence and to determine the dutiable value of the merchandise, although the judgment which it was called upon to review did not dispose of the case on the merits. The reviewing court having correctly decided that the appraisements were legal and that the trial court had jurisdiction to hear and to determine the issues presented by the parties, it should have reversed the judgment of the trial court and remanded the case for proceedings in conformity to law.

The case last cited differed from the case at bar in that a complete record was there made before the trial court, but that court dismissed the appeal to reappraisement upon the ground that the original appraisement was null and void, without considering the merits of the cause. The appellate division reversed this holding of the trial judge and proceeded to consider the merits of the case, and reappraised the merchandise there involved. This we held to be error.

In the case at bar the affidavit, Exhibit A, was not a part of the record as evidence in the case, but was contained therein only for the purpose of enabling the appellate tribunal to determine whether the trial judge had erred in refusing to admit it as evidence.

Insofar as the appellate division considered the affidavit upon its merits as evidence in the case, it acted *de novo*, which, under the ruling in *United States* v. *Tower & Sons et al.*, *supra*, and a like ruling in the case of *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318, the appellate division is not authorized to do by the law defining its jurisdiction in reappraisement proceedings.

In the case of *United States* v. *Cottmann & Co.*, 18 C. C. P. A. (Customs) 132, T. D. 44095, we had a somewhat similar situation before us. There the trial court in a reappraisement proceeding had

excluded a certain affidavit and reappraised the merchandise upon the evidence in the case. The appellate division found no error in such exclusion, affirmed the judgment of the trial court, and entered judgment accordingly. From such judgment the Government appealed to this court. The affidavit was set out in the record, as is the affidavit in the case at bar. In the case last cited we found that the trial court had erred in excluding the affidavit, and that the appellate division had erred in holding that such exclusion was proper. We therefore reversed the judgment of the appellate division and remanded the cause with directions to remand the same to the trial court for a new trial.

In the case of *United States* v. *State Forwarding & Shipping Co.*, Reap. Circ. 565, decided March 15, 1927, the First Division of the Customs Court adopted the same procedure. In that case a certain letter was offered in evidence and excluded by the trial court. The letter was marked for identification, and was included in the record before the appellate division when the case came before it for review, judgment having been entered by the trial court reappraising the merchandise. Sullivan, J., writing the decision for the First Division, set out the material portions of the letter, held that its exclusion by the trial court was error, considered no other question presented for review, and reversed the judgment of the trial court and remanded the cause to it for further proceedings as provided by law.

In the case at bar, it is clear that the affidavit was not a part of the evidence in the case before the appellate division. That division attempted to add such evidence to the record, which was in effect an amendment of the record, and then proceeded to decide the cause upon such amended record. In so doing, the appellate division exceeded its statutory authority.

Of course, if the appellate division had held that the exclusion of the affidavit by the trial court did not constitute prejudicial error, and could not properly have affected the determination of the cause, a different situation would have been presented; but we here have a situation where the appellate division clearly did hold that such exclusion was prejudicial error and reversed the trial court upon the merits of the cause, relying largely upon the contents of said affidavit.

We agree with the appellate division that the trial court erred in excluding said affidavit, but hold that the appellate division, instead of considering the case on its merits and treating said affidavit as a part of the evidence in the case, should have reversed the trial court and remanded the cause for a new trial, or at least have directed the trial court to admit said affidavit in evidence and make new findings after weighing said affidavit, together with the other evidence in the case.

It follows from the foregoing that the decision appealed from must be *reversed*, and in accordance with precedents under like circumstances, the cause is *remanded* with directions to remand the same to the single judge for a new trial.